**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE TRUJILLO, Jr., | No.    18-15680 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-08205-DLR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District
Judge.

Steve R. Trujillo, a member of the Navajo Nation, appeals the district court's

grant of summary judgment in favor of the United States in his medical

malpractice claim under the Federal Tort Claims Act ("FTCA").  Trujillo alleges

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Louis Guirola, Jr., United States District Judge for the
Southern District of Mississippi, sitting by designation.

that a physician's assistant ("PA") at the Chinle Comprehensive HealthCare Facility ("CCHCF") in Chinle, Arizona, breached the applicable standard of care when he removed Trujillo's entire toenail, causing an infection that led to the amputation of more than half of Trujillo's right foot. The district court excluded Trujillo's only medical experts—an infectious diseases specialist and a podiatrist—because they are not qualified to testify as to the standard of care applicable to a PA under Arizona Revised Statutes ("A.R.S.") Section 12-2604. The district court also granted the United States summary judgment because Trujillo did not present medical expert testimony from a licensed PA (or a PA instructor) qualified to opine on the applicable standard. We have jurisdiction over Trujillo's appeal under 28 U.S.C. § 1291. We affirm.

1. The district court did not err in identifying Section 12-2604, nor did it abuse its discretion in applying this statute to exclude Trujillo's standard-of-care expert reports. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017) ("[T]he first step of our abuse of discretion test is to determine *de novo* whether the trial court identified the correct legal rule to apply to the relief requested. [T]he second step of our abuse of discretion test is to determine whether the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." (citations omitted)). Under Arizona law, medical-malpractice

experts testifying as to the standard of care must devote a majority of their professional time to either "[t]he active clinical practice of the *same health profession* as the defendant," or "[t]he instruction of students . . . in the *same health profession* as the defendant," or both. ARIZ. REV. STAT. ANN. § 12–2604(A)(2) (2019) (emphases added). This clinical practice or instruction must take place "[d]uring the year immediately preceding the occurrence giving rise to the lawsuit." *Id*. Physicians, podiatrists, and PAs are members of different health professions in Arizona. *See id.* §§ 32-1401 to 32-1407 (medical physicians), 32-801 to 32-871 (podiatrists), 32-2501 to 32-2558 (PAs). Accordingly, Trujillo's experts were not qualified to testify as to the standard of care applicable to PAs. *See St. George v. Plimpton*, 384 P.3d 1243, 1248 (Ariz. Ct. App. 2016) (holding that a board-certified obstetrician/gynecologist is not qualified to opine on the standard of care applicable to a licensed registered nurse); *see also Rasor v. Nw. Hosp., LLC*, 403 P.3d 572, 578 (Ariz. 2017) (holding that a nurse specializing in wound care is not qualified to opine on the standard of care applicable to intensive care unit nurses); *Baker v. Univ. Physicians Healthcare*, 296 P.3d 42, 50 (Ariz. 2013) (holding that a medical doctor who specialized in internal medicine, hematology, and oncology is not qualified to opine on the standard of care applicable to a medical doctor specializing in pediatric hematology); *Kuckuck v. Burchfield*, No. 1 CA-CV 07-0107, 2007 WL 5471707, at *3 (Ariz. Ct. App. Dec.

3

24, 2007) (unpublished) (holding that an infectious disease specialist is not qualified to opine on the standard of care applicable to an orthopedic surgeon).

2. The district court did not err in granting the United States summary judgment because, under Arizona law, Trujillo cannot establish his medical malpractice claim without an expert witness qualified under Section 12-2604 to opine on a PA's standard of care. *Rasor*, 403 P.3d at 575 ("Unless malpractice is grossly apparent, the standard of care must be established by expert medical testimony." (citing *Siesinger v. Siebel*, 203 P.3d 483, 492 (Ariz. 2009))).

**AFFIRMED.**